In the Matter of the AMERICAN TELEGRAPH AND CABLE COMPANY.

Supreme Court, New York County, January 20, 1931.

*Francis R. Stark* and *Ralph H. Overbaugh* [*Francis R. Stark* and *Denis O'L. Cohalan* of counsel], for the petitioners.

*Truesdale, Durkin & Gamble,* for objecting stockholders.

*Robert F. Wagner,* referee.

*Hamilton Ward, Attorney-General,* for the State.

CALLAHAN, J.   Proceeding by directors to dissolve the American Telegraph and Cable Company, hereafter called the cable company. Approximately eighty per cent of the stock of the corporation is owned by the Western Union Telegraph Company, hereafter called the telegraph company.   All of the directors of the cable company are directors of the telegraph company.   The sole property owned by the cable company is two Atlantic cables which have been under lease to the telegraph company for almost fifty years.   The lease would have expired in 1932.   In 1930 an agreement was entered into for the sale of all of the property of the cable company to the telegraph company.   This sale was approved by a vote of the stockholders; the only dissenting votes being those cast by the present objectors to dissolution.   Despite objection, the sale was consummated.   Of the stockholders other than the telegraph company

more voted for the sale than voted against it. The present proceeding was brought to dissolve the corporation for the purpose of distributing its assets. Thereupon a stockholders' action was brought by the dissenting minority stockholders to set aside the sale of the company assets to the telegraph company on several grounds including fraud. The request for dissolution being pressed, this court directed a referee to hear and report on the facts. The referee has reported the essential facts, and includes in his report a recommendation in favor of immediate dissolution.

Proceedings for the dissolution of corporations are not equitable but statutory in their nature. However, on the ultimate issue as to whether dissolution is for the best interest of the stockholders, the court must exercise its discretion. The interest of minority stockholders must be considered, as well as those holding the majority of the stock. (*Matter of Rateau Sales Co.*, 201 N. Y. 420.)

The sale of the cable company's property while negotiated by interlocking boards of directors was ratified by the stockholders. In *Munson* v. *Syracuse, G. & C. R. R. Co.* (103 N. Y. 58, 69) it was held, in substance, that the sale by a board of directors of corporate assets to one of the directors was voidable on the representative suit of any dissenting stockholder; the principle being that sale by a trustee in which he is personally interested may be invalidated by the person he represents. In the *Munson* case no consent of stockholders was obtained. The same principle would apply in a case where, as here, the directors sold the corporate assets to a corporation controlled by them or in which they were interested. Here, however, the transaction was approved by a large majority of the stockholders, including such a majority of those not interested in the purchaser. If the stockholders not interested in the purchaser are thus divided, a minority stockholder cannot avoid the sale as a matter of right, but only where suitable grounds exist. Although the learned referee took proof at great length, there was no attempt by the objecting stockholders to establish fraud other than to attack the adequacy of the price paid. Proof of a price clearly inadequate might establish lack of fairness or good faith by those who controlled the sale when the same directors acted for both parties. The decision of the referee did not include a decision of the question as to whether the price was adequate. That appears to be the essential question in the stockholders' action to set aside the sale. Such issues could not be summarily disposed of in a collateral proceeding. It might well be that a court could find, in a proceeding such as this for dissolution not based on insolvency, but brought to distribute capital, that the stockholders' suit was sham or that dissolution should not be delayed if the stockholders' action was in no way

hindered by dissolution. No finding has been made here that the action was sham or frivolous. That dissolution might seriously hinder an action where equitable relief is sought including a judgment setting aside a sale, is readily understandable. However, in the instant case it is quite evident that a court of equity would not entirely set aside the transaction, but might well find that the minority stockholder suffered damage. In other words, the sale of its property rather than continuation of its business was a matter of judgment concerning which the court would not attempt to substitute its views as against those of the great majority of stockholders. This would appear especially certain in the instant case, for the cable company never actively operated any cables, and could not do so without acquiring connecting land telegraph systems which it might not be able to acquire. Again, if it was a matter of judgment whether to lease or sell its cables rather than operate them, those who might rent or purchase Atlantic cables were so restricted in number that a judgment avoiding the sale might result in greater damage than an approval thereof.

Clearly, therefore, the court would not entirely abrogate this sale against the views of the majority of stockholders, but it would insist on the strictest scrutiny of a transaction consummated under the circumstances here involved to ascertain whether the parties acted in good faith. Such determination would largely result in a consideration of the fairness of the price paid. I cannot subscribe to the issues of the petitioners that the question of price is purely a business question. The court must, in order to determine good faith, consider the fairness of the price paid. As was said in *Colby* v. *Equitable Trust Co.* (124 App. Div. 262, 263): " That question must necessarily under the statute be determined by the stockholders themselves, and, once their decision has been made, in the absence of fraud or bad faith or of facts clearly showing that the proposed acts will be oppressive or unfair to the corporation, the court cannot and ought not to interfere."

In light of my conclusion that the stockholders' action must resolve itself into a question of fairness or good faith in fixing the price paid and because delay in distributing assets is causing a loss to stockholders, I grant the motion to confirm the report, and order dissolution on condition, however, that the telegraph company, which is a defendant in the stockholders' action and interested in this proceeding as a stockholder, secure the payment to the present and any other minority stockholders who may join in the action of any damages which may be awarded them therein. It appears to me that the sum of $350,000 would adequately protect such stockholders. The form of security may be fixed in the order. The

costs of the proceeding will be paid by the corporation, and, where any sums have been disbursed by any party as part of such costs, they should be repaid. No allowances will be made other than the costs of dissolution, including the costs of the reference. The referee's fee is fixed at $7,500. Settle order on notice to attorney for objecting stockholders.